UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBEN M. WARREN,

                Plaintiff,

     -against-

COMMISSIONER KEVIN M. CHEVERKO,
WARDEN KARL VOLLMER, SERGEANT R.
OMESS, MICHAEL KELLY and CORRECT
CARE COMPANY

                Defendants.

No. 17-cv-0790 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

*Pro se* plaintiff Ruben M. Warren ("Plaintiff") brought this action, pursuant to 42 U.S.C.

§ 1983 against Defendants, Commissioner Kevin M. Cheverko ("Commissioner"), Warden Karl

Vollmer ("Warden"), Sergeant R. Omess, ("Sergeant"), Nursing Director Michael Kelly ("Nursing

Director"), and Correct Care Company ("CCC") for alleged deliberate indifference to his serious

medical needs by denying his request for partial dentures. (*See* Complaint, "Compl.," ECF No.

2.) Before this Court is Defendants' motion to dismiss Plaintiff's Complaint[1] ("Defendants'

Motion") filed on July 25, 2017. (*See* ECF No. 16.) For the following reasons, Defendants' Motion

is GRANTED.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/19/2018

---

[1] Under the Prison Litigation Reform Act's (PLRA) exhaustion requirement, "even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. at 524 (2002). Plaintiff has exhausted all administrative remedies available to him, in conformity with the PLRA.

## FACTUAL BACKGROUND

The following facts[2] – which are taken from the Complaint, documents annexed thereto, and matters of which the Court may take judicial notice[3] – are construed in the light most favorable to Plaintiff, as it is the non-moving party. *See, e.g., Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013); *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011).

On November 17, 2014, Plaintiff was admitted to Westchester County Jail. *(See* Compl. at 4.)[4] At the time, Plaintiff had only two teeth (teeth #15 and #32). *(Id.* at 4; *See* James C. Freeman Declaration in support of Defendants' Motion to Dismiss ("Freeman Decl.") (ECF No. 17), Ex. B.) CCC medical records, attached in parts as exhibits to Defendants' Motion, indicate that on February 3, 2015, Plaintiff had an initial dental examination. *(See id.)* During this examination, the medical examiner determined that Plaintiff's remaining two teeth required extraction. *(Id.)* Plaintiff was scheduled to have both teeth extracted on February 16, 2015. *(Id.)* Prior to his scheduled extraction on February 5, 2015, Plaintiff was offered a soft mechanical diet, to aid with his dental complaints; he declined. *(Id.)* On February 16, 2015, Plaintiff refused to have his teeth extracted due to wanting his missing teeth replaced instead. *(Id.)* Plaintiff then submitted request to see a doctor and for partial dentures; the request was denied. *(See* Compl. at 4.)

On March 23, 2015, Plaintiff filed a grievance claiming that, as a result of being denied partial dentures, he was having difficulties masticating. *(Id.)* On March 26, 2015, the facility's

---

[2] The Court assumes the truth of the facts alleged in Plaintiff's Complaint for purposes of this motion only. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] The Court will take judicial notice of the document attached to James C. Freeman's Declaration in Support of Defendants' Motion to Dismiss (ECF No. 17) ("Freeman Decl.") as Exhibit B and use it in considering this motion, as documents which are either incorporated by reference or integral to the claims asserted therein. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016); *see also Chambers v. Time Warner, Inc.*, 282 F.3d at 153 (2d Cir. 2002).

[4] Because this a *pro se* Plaintiff, all citations to the complaint will be to the page number and not to paragraphs.

Medical Director met with Plaintiff to discuss his concerns. (*See* Freeman Decl., Ex. B.) Plaintiff indicated that he was able to eat certain foods with greater ease than others; his diet[5] was adjusted accordingly. (*Id.*) Plaintiff accepted the new diet, but once again declined the soft mechanical diet offered. (*Id.*) On March 27, 2015, Plaintiff's grievance was denied for lack of merit. (*Id.*) The grievance coordinator (the "Coordinator") determined that Plaintiff was provided adequate dental care and noted that Plaintiff chose to decline the treatment offered. (*Id.*) In addition, the Coordinator concluded that Plaintiff did not present any acute issues related to mastication, and was therefore not a candidate for prosthetics. (*Id.*)

On March 27, 2015, Plaintiff appealed the grievance decision. (*See* Compl. at 4.) On April 2, 2015, the Warden noted his agreement with the Coordinator's decision. (*Id.*) The Warden concluded that Plaintiff had failed to offer any evidence to demonstrate that he had been denied proper medical care, and therefore, affirmed the denial of the grievance. (*See* Freeman Decl., Ex. B.) On April 3, 2015, Plaintiff appealed to the Citizen's Policy and Complaint Review Council ("CPCRC"). (*See* Compl. at 4.) On December 2, 2015, CPCRC held that Plaintiff was denied adequate medical and dental care pursuant to 9 NYCRR part 7010. (*See id.*)

On February 1, 2017, Plaintiff initiated the present action by filing his Complaint. (*See* ECF No. 2.) Plaintiff alleges that as a result of being denied partial dentures, and "being forced to eat the wrong foods," he has suffered high blood pressure (for which he is currently taking medication), and kidney pressure (which causes protein in his urine and for which he is under the care of a doctor and prescribed medication). (*Id.*) Plaintiff further alleges that he has felt abused, embarrassed, humiliated, and stressed (for which he takes medication). (*Id.*) Additionally,

---

[5] Plaintiff asserted he was able to eat hamburgers and chicken with greater ease. (Freeman Decl., Ex. B.) Thus, an order indicating that Plaintiff's diet should be adjusted to accordingly was submitted by the Medical Director. (*See id.*)

Plaintiff claims that he is on medication to control his stress. (*Id.*) In all, Plaintiff claims that the denial of the requested partial dentures constitutes cruel and unusual punishment, amounting to an Eighth Amendment violation. (*Id.*)

Defendants now move to dismiss the Complaint for failure to plausibly state that Defendants were deliberately indifferent to Plaintiff's serious medical needs. (*See* Defendants' Brief in support of the Motion to Dismiss ("Def. Br."), (ECF No. 18) at 1.) Moreover, Defendants Cheverko and Kelly assert that they should be dismissed for failure to plead personal involvement. (*Id.*) Further, Defendants Cheverko, Vollmer, and Omess claim that they are protected by qualified immunity. (*Id.*)

## STANDARD ON A MOTION TO DISMISS

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted," dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hoyden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

After accepting all well-pled facts as true, the court must "[d]etermine whether they plausibly give rise to an entitlement to relief." *Id.* A claim is facially plausible when the plaintiff pleads sufficient factual content for the court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Ultimately, determining whether a complaint states a facially plausible claim upon which relief may be granted must be "a context-specific task that

4

requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal.*" *Thomas v. Westchester*, No. 12–CV–6718 (CS), 2013 WL 3357171 at *7 (S.D.N .Y. July 3, 2013). The court should read *pro se* complaints "to raise the strongest arguments that they suggest." *Pabon v. Wright,* 459 F.3d 241, 248 (2d Cir. 2006); *see also Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009) ("even after *Twombly,* though, we remain obligated to construe a pro se complaint liberally."). Even so, "*pro se* plaintiffs . . . cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor,* 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly,* 550 U.S. at 555) (internal quotation marks omitted). "In order to justify the dismissal of the plaintiffs' *pro se* complaint, it must be beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." *Lerman v. Bd. of Elections,* 232 F.3d 135, 139-40 (2d Cir. 2000) (internal citations, quotation marks, and footnote omitted), *cert. denied,* 533 U.S. 915 (2001).

When deciding a motion to dismiss, this Court may consider, in addition to the factual allegations in the complaint, "[t]he documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir. 2007).

## DISCUSSION

### I. Eighth Amendment Claim

A claim for depravation of adequate medical care is derived from the cruel and unusual punishments clause of the Eighth Amendment. *Est v. Koreman,* 581 F.3d 63, 69 (2d Cir. 2009) (citing *Weyant v. Okst,* 101 F.3d 845, 856 (2d Cir. 1996)). Such a claim requires a demonstration

of "deliberate indifference to a prisoner's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Here, Plaintiff's cause of action relates to Defendants' alleged failure to properly treat his medical condition during his incarceration at Westchester County Jail ("WCJ").

To prevail on a claim of deliberate indifference, a plaintiff must show that: (1) objectively, the alleged deprivation of medical care was sufficiently serious and (2) subjectively, defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Salahuddin v. Goard*, 467 F.3d 263, 279-81 (2d Cir. 2006). Objectivity is a two-step inquiry satisfied by demonstrating that the prisoner was actually deprived of adequate medical care and that the depravation was sufficiently serious. *Salahuddin*, 467 F.3d at 279-80; *see also Hill v. Curcione*, 657 F3d. 116, 122 (2d Cir. 2011) (internal citation and quotation marks omitted) ("alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists.") To satisfy the subjective prong, Plaintiff must allege facts indicating that the official charged with deliberate indifference acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The actor is liable if "the official knows of and disregards an excessive risk to an inmate's health or safety." *Farmer*, 511 U.S. at 837. In order to meet this standard, the "charged official must act or fail to act while aware of a substantial risk that serious inmate harm will result." *Id.* at 836-37.

Accepting all of the Plaintiff's factual allegations as true, this Court finds that Plaintiff has failed to satisfy the objectivity prong of the deliberate indifference standard. Plaintiff essentially requests this Court equate denial of a request for partial dentures prosthetics with a sufficiently serious depravation of medical care. To make out an Eighth Amendment claim, Plaintiff was required to plead facts to objectively demonstrate that denial of a request for partial dentures is a serious depravation and that he was actually deprived of adequate medical care. The objective

6

prong is properly pled by allegations regarding a sense of urgency, one that may produce death, degeneration, or extreme pain. *See generally Hill*, 657 at 116. Here, Plaintiff has failed to plead as much; his oral condition did not present urgency, and did not degenerate. (*See* Freeman Decl., Ex. B.) Additionally, Plaintiff failed to plead that in the absence of the prosthetics, he suffered extreme pain.

First, Plaintiff has failed to demonstrate that he was actually deprived of adequate medical care. Plaintiff was given the option of having the remaining teeth extracted after a doctor determined that such procedure was the appropriate course of action. (*Id.*) In addition, Plaintiff was offered a soft mechanical diet to aid and facilitate his food intake. (*Id.*) Plaintiff refused both. (*Id.*) When he did so, he was still provided treatment, in that his diet was altered to supply him with foods that he claimed he could consume with relative ease. (*Id.*) It cannot be said that he was actually deprived of adequate medical care; in fact, he was offered multiple options for more than adequate care.

With respect to the second inquiry of the objectivity prong, Plaintiff failed to allege facts indicating the alleged deprivation of dental care was sufficiently serious. Plaintiff asserts that overall, both his mental and physical health were affected by the denial of the partial dentures. (*See* Compl. at 4.) Plaintiff, however, fails to state any supporting facts to justify finding that denial of partials was sufficiently serious. For seriousness, courts consider "whether the condition significantly affects an individual's daily activities, and whether it causes chronic and substantial pain." *Salahuddin*, 467 F.3d at 280 (quoting *Chance v. Armstrong*, 143 F.3d. 698, 702 (2d Cir. 1998). Plaintiff fails to demonstrate as much. There are no facts that he was in pain as a result of the denial of his request; thus, he could not have pled "chronic or substantial pain." *Id.* Further, Plaintiff had other options for treatment and beyond alleging that his mental and physical health

7

conditions were affected by the denial of his request (*see* Compl. at 4-5.), Plaintiff does not allege

how, if at all, his daily activities were significantly impacted. His claim must fail.

Ultimately, Plaintiff's claim amounts to a difference of opinion between him and his

doctors regarding treatment. Plaintiff was admitted to WCJ on November 17, 2014, and at that

time only had two teeth remaining in his oral cavity. (*Id.*) An initial dental examination performed

on February 3, 2015, revealed that both of Plaintiff's remaining teeth needed to be removed. (*See*

Freeman Decl., Ex. B.) Plaintiff was informed of the recommended care and then promptly

scheduled to have both teeth extracted, but he refused to have the procedure done. (*Id.*)

Nevertheless, he persisted in his desire to have his teeth replaced and requested partial dentures.

(*See* Compl. at 4.) The medical staff, however, determined that he was not a candidate for

prosthetics, and denied his request. (*See* Freeman Decl., Ex. B.) The treatment offered may not

have been what Plaintiff desired, but it does not rise to the level of deliberate indifference. Inmates

are entitled to adequate medical care while in prison; however, "'[t]he prisoner's right is to medical

care-not the type or scope of medical care which he personally desires . . . . [thus,] a difference of

opinion between a physician and a patient does not give rise to a constitutional right or sustain a

claim under § 1983.'" *Gonzales v. Wright*, 665 F. Supp. 2d 334, 347 (S.D.N.Y. 2009) (quoting

*U.S. ex rel. Hyde v. McGinnis*, 429 F.2d 864, 867 (2d Cir. 1970). Moreover, "disagreements over

medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for

specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim."

*See Sonds v. St. Barnabas Hosp. Correctional Health Svs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y.

2001); *see also Wright v. Genovese*, 694 F. Supp. 2d 137, 160 (N.D.N.Y. 2010) ("differences in

opinion between a doctor and an inmate patient as to the appropriate pain medication clearly" not

deliberate indifference); *see also Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (no Eighth

8

Amendment claim against treating physician who saw plaintiff on seventeen occasions over a three month period, prescribed pain relievers, and muscle relaxants for plaintiff suffering from back pain).

Furthermore, even if this Court found that the objectivity prong was met, there is no evidence that the Defendants acted with the requisite culpable state of mind to satisfy the subjective prong of deliberate indifference. An inmate must allege facts or omissions sufficiently harmful to show that defendants were deliberately indifferent to serious medical needs. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Here, Plaintiff alleges that Defendants were deliberately indifferent because they denied partial dentures, despite being aware that Plaintiff only had two teeth remaining. (*See* Compl. at 4.) This conclusory assertion does not indicate that Defendants knew that serious harm would result from such denial and disregarded an excessive risk to Plaintiff's dental health. Moreover, there is no indication that Defendants deliberately denied Plaintiff of partial dentures as a form of punishment, or ignored a life-threatening and fast degenerating condition. *See e.g., Crique v. Magill*, 2013 U.S. Dist. LEXIS 95617, at *3 (S.D.N.Y. July 9, 2013) (dismissing claim where plaintiff failed to show that defendant "knowingly or intentionally" delayed his treatment, and noting that "while delays in providing necessary medical care may in some cases demonstrate deliberate indifference, the Second Circuit has reserved those instances to cases when prison officials deliberately delayed care as a form of punishment, ignored a life-threatening and fast-degenerating condition . . . or delayed major surgery") (internal quotation marks omitted). The record indicates to the contrary. At all times, Plaintiff was offered dental care whenever he requested. (*See* Freeman Decl., Ex. B.) His medical concerns were promptly addressed. (*Id.*) His appeals and grievances were given adequate consideration and decided in a timely manner. (*Id.*) In fact, the denial of partial dentures was premised on the finding

that Plaintiff did not present acute issues related to mastication. Evidently, this was the result of reasoned medical judgment, not recklessness, or knowing disregard of an excessive risk to Plaintiff's health. Defendants did not act with deliberate indifference.

In the alternative, Plaintiff's complaint calls for this Court to hold that a finding by the CPCRC,[6] that Plaintiff did not receive adequate medical and dental care, is sufficient to state a plausible Eighth Amendment claim. (*See* Compl. at 4.) CPCRC's determination that a particular treatment should have been provided, standing alone, however, is insufficient to establish deliberate indifference. While the council's decision may be indicative of negligence, mere negligence, medical malpractice, is not enough to plausibly allege deliberate indifference. *Pabon v. Wright*, 459 F.3d 241, 250 (2d Cir. 2006) ("Inadvertent failures to impart medical information cannot form the basis of a constitutional violation; *see also Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation").

## II.    Qualified Immunity

The qualified immunity doctrine protects federal and state officials from money damages unless a plaintiff pleads facts showing "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."[7] *Ashcroft v. Al-Kidd*, 563 U.S. 731 (2011); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)

---

[6] The CPCRC reviews "inmate grievances, (complaints from inmates that have been through a formal process for resolution by facility staff and administration and are unable to be resolved at a local level) which are forwarded to the Commission's Citizens Policy and Complaint Review Council. They are reviewed by a Correctional Facility Specialist, who gathers all pertinent facts and determines if the facility is in compliance or not with the standards regulating them. A recommendation is made to the CPCRC members, who then vote on whether to accept the grievance or return it to the inmate advising him that the facility's response was correct." COMMISSION OF CORRECTIONS, http://www.scoc.ny.gov/mrbcpcrc.htm (last visited Mar. 5, 2018).

[7] The right to adequate dental care has been "clearly established."

("Government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). Accordingly, the qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991).

A Government official's conduct violates a clearly established right when, at the time of the challenged conduct, "the contours of the right were sufficiently clear" that every "reasonable official would have understood that what he was doing violated that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). In this case, the constitutional question falls short of that threshold. Defendants' conduct was "objectively reasonable," considering Plaintiff's condition, the myriad of treatment options offered to him, and his failure to raise claims indicating otherwise. *See Arac v. New York*, No. 97-CV -1506 (JSR) (HBP), 1999 U.S. Dist. LEXIS 16852, at *67 (S.D.N.Y. Aug. 30, 1999) (holding that it was objectively reasonable, based upon the plaintiff's apparent medical condition and history, to believe the health care rendered to the plaintiff did not violate the plaintiff's federal rights).

To be sure, Defendants' conduct has already been recognized as proper or reasonable medical care. *See Wandell v. Koenigsmann,* No. 99 CIV 8652 WHP, 2000 WL 1036030 (S.D.N.Y. July 27, 2000) (no deliberate indifference where plaintiff's allegation amounted to a reasonable delay in treatment and improper initial treatment); *see also Davis*, 992 F.2d at 153 (no deliberate indifference where plaintiff failed to allege that his injury went untreated or that the treatment he received was inadequate). As such, it was objectively reasonable for Defendants to

11

believe that their actions were lawful when they concluded that Plaintiff was not a candidate for prosthetics, and refused to recommend partial dentures as the appropriate treatment.

Qualified immunity, however, can be defeated if an official takes action with the malicious intention to cause a deprivation of constitutional rights or other injury. *See Harlow*, 457 U.S. at 817. No such facts have been pled. Defendants are entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED, and Plaintiff's Complaint is dismissed.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 16, terminate the action, mail a copy of this opinion to Plaintiff, and show proof of service on the docket.

Dated:   March 19, 2018
         White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge